JOHN S. COVINGTON, Judge.
During the research phase of the appeal lodged in this Court we determined that the Cy Pres statute, R.S. 9:2331 et seq., was applicable. Because the appeal provision of the statute, section 2336, authorizes a “suspensive appeal” which must be taken by “filing a petition or motion therefor within thirty days, exclusive of Sundays, from the date of signing of said judgment and posting bond as may be fixed by the court” we judicially noticed that plaintiff-appellant filed his motion for devolutive appeal fifty-four days after the judgment was signed.
We, therefore, sua sponte, issued an order on January 24, 1985 requiring “all parties litigant ... [to] show cause, if any they have or can, by brief filed in this court on or before the 8th day of February, 1985 why the appeal herein should not be dismissed on the basis of untimeliness and in compliance with LSA-R.S. 9:2336.”
Plaintiff-appellant, Mizell, and defendant-appellee, Church, filed briefs as ordered.
In the instant case the litigants filed “Suggested Findings of Fact and Conclusions of Law” at the conclusion of the trial. These post-trial Memoranda of Law, as well as the Trial Court’s Written Reasons for Judgment, make it abundantly clear that the doctrine of approximation was presented to the Court very ably by counsel for defendant-appellee, Church, and that doctrine was the basis for the lower court’s decision. The Cy Pres statute merely established a procedure to follow in applying the cy pres or approximation doctrine which existed in our jurisprudential law at least a century before the statute was enacted. Bonner v. Board of Trustees of John M. Bonner Memorial Home, 181 So.2d 255 (La.App. 4th Cir.1965), writs denied, 248 La. 915, 182 So.2d 664.
Defendant-appellee’s post-trial Memorandum of Law, as well as its pre-trial memorandum, should have sufficed to place plaintiff-appellant on notice that defendant-appellee was relying on the civil law of approximation and the Trial Judge’s Reasons for Judgment should have confirmed that the lower court believed that reliance to be well placed.
However, “in the absence of clear and compelling reasons why [the] appeal should be dismissed, we find that the better practice is to allow the appeal.” Thurman v. Star Electric Supply, Inc., 283 So.2d 212, 217 (La.1973). This is so because “appeals are favored in the law, and should not be dismissed unless the law clearly requires a dismissal.” Thurman, supra.
Accordingly, we rescind our Order dated January 24, 1985 and the appeal will be decided on its merits. SO ORDERED.